United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINCY DESHAN BUTLER, TDCJ #1899541, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-0568 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Quincy Deshan Butler (TDCJ #1899541) filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from punishment that was imposed as the result of a prison disciplinary conviction. Butler has supplemented the Petition with Petitioner's More Definite Statements ("Petitioner's MDS") (Docket Entry No. 8), which provides additional information about his confinement. After considering all of the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this case for the reasons explained below.

**I.   Background**

Butler discloses that he is currently confined in the Texas Department of Criminal Justice - Correctional Institutions Division

("TDCJ") as the result of a conviction for deadly conduct that included an affirmative finding that a deadly weapon was used to commit the offense.[1]  State court records confirm that a jury in the 272nd District Court of Brazos County, Texas, found Butler guilty as charged in Case No. 12-00472-CRF-272 of engaging in deadly conduct by discharging a firearm in violation of Texas Penal Code § 22.05(b).[2]  See Butler v. State, No. 10-13-00430-CR, 2015 WL 128908, at *1 (Tex. App. — Waco Jan. 8, 2015, pet. ref'd). Butler, whose indictment was enhanced for purposes of punishment with two prior felony convictions for possession of a controlled substance, received a 62-year sentence of imprisonment.  See id.

On January 7, 2023, Butler executed the pending Petition for a federal writ of habeas corpus regarding his confinement in TDCJ.[3] At the time that Butler executed his Petition he was confined at the Estelle High Security Unit in Huntsville.[4]  Butler explains that prison officials at the Wainwright Unit charged him with

---

[1] Petitioner's MDS, Docket Entry No. 8, p. 6 (Response to Question 21).  For purposes of identification all page numbers reference the pagination imprinted at the top of each docket entry by the court's electronic case filing ("ECF") system.

[2] A person commits deadly conduct under this provision if he "knowingly discharges a firearm at or in the direction of:  (1) one or more individuals; or (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied."  Tex. Penal Code § 22.05(b).

[3] Although the Petition was received on February 15, 2023, Butler executed the Petition on January 7, 2023.  See Petition, Docket Entry No. 1, pp. 1, 15.

[4] Id. at 1.

violating TDCJ disciplinary rules in Case No. 20220042135 by engaging in a conspiracy to murder staff and solicitation.[5] Butler was found guilty of those charges following a disciplinary hearing on November 2, 2021.[6] As punishment, Butler forfeited 365 days of previously earned good-time credit.[7] In addition, his custodial classification was reduced by two levels and he was placed in restrictive housing, i.e., administrative segregation.[8] Butler clarifies that the decision to place him in restrictive housing was made by the Unit Classification Committee on November 15, 2021.[9] As a result of that decision, Butler was transferred from the Wainwright Unit to the Estelle High Security Unit on March 3, 2022.[10]

On the same day that Butler was convicted of the disciplinary charges in Case No. 20220042135, he was also found guilty of wiping semen on an officer's hand while she was removing his handcuffs.[11]

---

[5] Petitioner's MDS, Docket Entry No. 8, p. 2 (Response to Question 4(b)).

[6] Petition, Docket Entry No. 1, p. 1.

[7] Petitioner's MDS, Docket Entry No. 8, p. 2 (Response to Question 4(c)).

[8] Id.

[9] Id. at 2 (Response to Questions 4(d) and 4(e)).

[10] Id. at 1-2 (Responses to Questions 3 and 4(e)).

[11] See TDCJ Disciplinary Report and Hearing Record in Case No. 20220042072, Exhibit C to Respondent's Answer with Brief in Support, Docket Entry No. 20-3, p. 3, in Butler v. Lumpkin, Civil Action No. H-22-1538 (S.D. Tex.).

As a result of that conviction Butler lost recreation and commissary privileges, he was reduced in classification status from L1 to L3, and he forfeited 364 days of good-time credit.[12] Butler was also convicted of disciplinary charges for possession of contraband and destruction of state property.[13] Butler reports that he lost a total of 1,041 days of previously earned good-time credits as a result of the disciplinary proceedings against him in November 2021, which resulted in his placement in administrative segregation.[14]

Butler reports that his disciplinary conviction for conspiracy to murder staff and solicitation in Case No. 20220042135 was overturned for a due process violation on February 25, 2022.[15] The charges against him were not re-filed.[16] Although the disciplinary conviction in Case No. 20220042135 was overturned, Butler complains that his forfeited good-time credits were not restored and that he remained in administrative segregation at the Estelle High Security Unit.[17]  By retaining him in administrative segregation without restoring his forfeited time credits, Butler contends that prison

---

[12] Id.

[13] Petitioner's MDS, Docket Entry No. 8, p. 4 (Response to Question 11).

[14] Id.

[15] Petition, Docket Entry No. 1, p. 2.

[16] Petitioner's MDS, Docket Entry No. 8, p. 2 (Response to Question 6).

[17] Petition, Docket Entry No. 1, p. 5.

officials have subjected him to disciplinary punishment without due process.[18]

## II. Discussion

An inmate's rights in the prison disciplinary context are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in connection with a prison disciplinary proceeding without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); see also White v. Jenkins, 735 F. App'x 855, 856 (5th Cir. 2018) (per curiam) ("A prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits.") (citation omitted).

---

[18]Petitioner's MDS, Docket Entry No. 8, pp. 5-6 (Response to Question 18).

As noted above, Butler is serving a prison sentence in TDCJ for the offense of deadly conduct, which included an affirmative finding that a deadly weapon was used.[19] As a result, he is not eligible for early release on mandatory supervision. See TEX. GOV'T CODE § 508.149(a)(1) (an inmate previously convicted of "an offense for which the judgment contains an affirmative [deadly weapon] finding" under Article 42A.054(c) or (d) of the Texas Code of Criminal Procedure is ineligible for mandatory supervision). Because Butler is not eligible for release on mandatory supervision, he may not challenge the loss of his good-time credits by way of a federal petition for a writ of habeas corpus. See Malchi, 211 F.3d at 958.

Nor can Butler prevail on his claim that he has been wrongly retained in administrative segregation. It is evident from the pleadings that prison classification officials decided to place Butler in administrative segregation at the Estelle High Security Unit after he was convicted of several offenses, including the conviction that was later overturned in Case No. 20220042135.[20] The Due Process Clause does not protect against sanctions that are "merely changes in the conditions of [a prisoner's] confinement." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Placement in segregated confinement does "'not present the type of atypical,

---

[19]Petitioner's MDS, Docket Entry No. 8, p. 6 (Response to Question 21).

[20]Id. at 4 (Responses to Questions 11 and 12).

significant deprivation in which a State might conceivably create a liberty interest.'" Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam) (quoting Sandin, 115 S. Ct. at 2295). Because this type of sanction does not implicate a protected liberty interest, Butler is not entitled to habeas corpus relief from his placement in restrictive housing.[21] Absent a valid claim, Butler's Petition must be dismissed for failure to state a claim on which habeas corpus relief may be granted.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The court concludes that jurists of reason would not debate the

---

[21]Alternatively, the record reflects that Butler was released from restrictive housing at the Estelle High Security Unit in April of 2023, and transferred to the Coffield Unit. See Notice of Change of Address, Docket Entry No. 6, p. 1. To the extent that Butler sought release from administrative segregation, any such request was mooted by his transfer. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by Quincy Deshan Butler (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 26th day of February, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE